**ELVETH WARNER, Appellant**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

D.C. Crim. App. No. 93-135

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 30, 1995

AUGUSTIN AYALA, ESQ., Territorial Public Defender, *for Appellant*

PAMELA LYNN WOOD, ESQ., Asst. Atty. General, *for Appellee*

MOORE, *Chief Judge*, District Court of the Virgin Islands;
BROTMAN, *Senior Judge of the United States District Court for the District of New Jersey*, Sitting by Designation; and
CABRET, *Judge of the Territorial Court of the Virgin Islands*, St. Croix Division, Virgin Islands, Sitting by Designation.

## OPINION OF THE COURT

This matter is before us again upon remand from the United States Court of Appeals for the Third Circuit of this Court's Order dismissing the appeal for lack of jurisdiction.[1] *Appellant challenges the Territorial Court's judgment imposing sentence despite a lengthy delay between acceptance of his guilty plea and sentencing. We had relied on an earlier Appellate Division decision*[2] strictly interpreting the language of V.I. CODE ANN. tit. 4, § 33, limiting appeals in criminal cases to convictions after trial — "other than on a plea of guilty" — as not in violation of section 23A(a) of Revised Organic Act of

---

[1] *Warner v. Government of the Virgin Islands*, Crim. App. No. 95-135, 1994 U.S. Dist. LEXIS 8128, V.I. BBS 93CR135A.DT1 (D.V.I. App. June 16, 1994)(Judgment Order).

[2] *Monsanto-Swan v. Government of the Virgin Islands*, Crim. App. No. 92-211, V.I. BBS 92CR211A.DT2 (D.V.I. APP. May 2, 1994)(finding that this Court lacked jurisdiction to hear an appeal by a criminal appellant after she has pled guilty).

1954.[3] The Court of Appeals ruled that we had misconstrued the scope of appellate review required by the Revised Organic Act and remanded the matter for our consideration on the merits. *Government of the Virgin Islands v. Warner*, 48 F.3d 688, 693 (3d Cir. 1995). After careful review, and for the reasons set forth below, this Court affirms the judgment below.

## FACTS

Appellant was arrested on July 18, 1989 and subsequently charged with illegal possession of crack cocaine in violation of 19 V.I.C. § 607(a). He initially pled not guilty to the one count complaint dated July 26, 1989, but changed his plea to guilty at a pretrial conference held on September 8, 1989.[4] After the Territorial Court accepted the plea, it instructed appellant to report to the Office of Probation and Parole to assist in preparation of a Presentence Report that would be used by the court for sentencing purposes. Appellant was also directed to appear before the trial court for sentencing on November 16, 1989.[5]

Appellant did not appear for sentencing as ordered, nor is there any evidence that he went to the Office of Probation and Parole or that he otherwise informed his counsel or the Territorial Court that he was in jail on a District Court sentence. The Territorial Court issued a bench warrant, which was returned "not found" on April 10, 1990. The warrant was re-issued on April 15, 1991, but recalled when the trial court learned that appellant was incarcerated. Sentencing was then scheduled for June 6, 1991, but since appellant had not yet reported to the Office of Probation and Parole to assist in the preparation of the presentence report, he was again ordered

---

[3] U.S.C. § 1613a(a). The Revised Organic Act of 1954 is found at 48 U.S.C §§ 1541-1645 (1995), *reprinted in* V.I. CODE ANN., Historical Documents, 73-177 (codified as amended) (1995)("Revised Organic Act").

[4] Before this criminal action began in the Territorial Court, and unbeknownst to the Territorial Court judge, appellant had been convicted of possession of a controlled substance in the Trial Division of the District Court on July 23, 1989. *See* Appendix ["App."] for Appellee at 7. Appellant was sentenced to three months in jail pursuant to the District Court conviction in a judgment dated November 2, 1989.

[5] Damage inflicted on the Territorial Court by Hurricane Hugo interrupted its daily functions for several weeks beginning in mid-September, 1989, but the delay in this case was not directly or primarily attributed to that damage.

to report, and the matter was continued *sine die*. Sentencing was eventually rescheduled for May 5, 1993, and although appellant did not show up at the appointed time, Warner appeared later that same afternoon, having heard that the Territorial Court Marshals were looking for him. Appellant was sentenced to a six-month suspended jail sentence, probation, and community service. This appeal followed.

## JURISDICTION

When this appeal was before us the first time, we dismissed it, strictly interpreting the language of 4 V.I.C. § 33,[6] which defines our local appellate jurisdiction, as withholding power to review a criminal case in which the defendant has been convicted upon a plea of guilty. We recognized that section 23A(a) of Revised Organic Act of 1954, which Congress has enacted as our "Virgin Islands constitution," provides that "the [Virgin Islands] legislature may not preclude the review of any judgment or order which involves the Constitution, treaties, or laws of the United States . . . ." 48 U.S.C. § 1613a(a).[7] We held, however, that this provision of the Organic Act is not a grant of jurisdiction, and, in any case, was not violated because avenues of collateral review were available.[8] Pointing out that appellant alleged an error in the sentencing procedure after his guilty plea, the Third Circuit Court of Appeals first looked to see if our interpretation of section 33 operated to preclude review of a claim involving "the Constitution, treaties, or

---

[6] V.I. CODE ANN. tit. 4, § 33 provides:

The District Court has appellate jurisdiction to review the judgments and orders of the territorial court in all civil cases, . . . and in all criminal cases in which the defendant has been convicted, other than on a plea of guilty. (emphasis added).

[7] Revised Organic Act, § 23A(a), provides, in part:

Prior to the establishment of the appellate court authorized by section 21(a) of this Act, the District Court of the Virgin Islands shall have such appellate jurisdiction over the courts of the Virgin Islands established by local law to the extent now or hereafter prescribed by local law: Provided, That the legislature may not preclude the review of any judgment or order which involves the Constitution, treaties, or laws of the United States, including this Act . . . .

48 U.S.C. § 1613a(a).

[8] *Monsanto-Swan v. Government of the Virgin Islands*, V.I. BBS 92CR211A.DT2, slip op. at 5-7 & n. 7.

laws of the United States." *Government of the Virgin Islands v. Warner,* 48 F.3d at 691. Finding that appellant had articulated a "colorable constitutional claim" in alleging a violation of his right to a speedy sentencing, the Court of Appeals then examined whether his right to bring a collateral proceeding under local law satisfied section 23A(a) of the Revised Organic Act, as we had interpreted it. Concluding that direct appellate review of appellant's "colorable constitutional claim" was required, the court held our interpretation of section 23A(a) of the Revised Organic Act to be erroneous, and reversed and remanded the matter to us for consideration on the merits. *Id.* at 693.

## STANDARD OF REVIEW

■ Appellant states that he was prejudiced by the lengthy delay between his plea and sentencing, which implicates his Sixth Amendment right to a speedy trial. Our review of the Territorial Court's decision to sentence appellant despite the lengthy delay is obviously an issue of law and therefore subject to plenary review. *See Nibbs v. Roberts,* V.I. BBS 91CI29A.DX2 (D.V.I. App. Feb. 8, 1995); *In re Barrett,* V.I. BBS 91CI159A.DX2 (D.V.I.App. Jan 31, 1995).

## DISCUSSION

Appellant contends that the trial court's failure to apply Territorial Court Rule 134 and/or its federal counterpart, FED. R. CRIM. P. 32 mandates reversal. Acknowledging that sentencing should have been imposed earlier, the trial court found it was not prohibited from sentencing appellant. This Court agrees.

■ Even though appellant did not rely on Rule 134 at any time during the trial court proceedings, he did lodge a timely objection under FED. R. CRIM. P. 32. Terr. Ct. R. 134 states that:

(a) SENTENCE. Sentence shall be imposed immediately after a defendant has been found guilty or has pleaded guilty, unless the court, for good cause shown, shall postpone imposition of a sentence for a period not to exceed 15 days. The court may postpone imposition of a sentence for a period not to exceed 30 days when the court has requested a pre-sentence investigation

from the probation officer. Pending sentence, the court may commit the defendant or continue or alter bail. . . .

FED. R. CRIM. P. 32 simply requires sentence to "be imposed without unnecessary delay," but allows the court to postpone "the imposition of sentence for a reasonable time" under some circumstances.[9] Although Rule 134 was not strictly followed when the trial court initially scheduled sentencing for approximately six weeks after the plea was taken, the two-week delay exceeding the thirty days under the rule was minimal. Territorial Court Rules are "liberally construed to secure simplicity and uniformity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." Terr. Ct. R. 1 (Scope; construction). While Rule 134 sets short time periods for the imposition of sentence, it does not require dismissal if the time periods are exceeded. Given the objectives of the Territorial Court Rules, the extra two weeks does not constitute an abuse of discretion. Regardless, Mr. Warner did not appear for the sentencing as scheduled.

 In any event, the Territorial Court's noncompliance with Rule 134 does not rise to the level of error required for dismissal of the conviction. The Supreme Court applies a four-factor test in reviewing post-verdict proceedings: (1) the length of the delay, (2) the reason for the delay, (3) defendant's assertion of his right, and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).[10] Each delay is to be analyzed independently and in the context of the particular case. *Id.* at 521-22. In addition, "all four factors are to be balanced in light of the facts and the circumstances of the case . . . [but] once a defendant has been convicted it would be the rarest of circumstances in which a right to a speedy trial could be infringed without a showing of prejudice." *Burkett v. Cunningham*, 826 F.2d 1208, 1220 (3d Cir. 1987).

---

[9] Absent a contrary provision, the Federal Rules of Criminal Procedure apply to the Territorial Court. *See* Terr. Ct. R. 7.

[10] Protection against post-verdict sentencing delays stems from the defendant's right to a speedy appeal, a guarantee protected by due process. *Barker v. Wingo*, 407 U.S. 514 (1972); *see Burkett v. Cunningham*, 826 F.2d 1208 (3d Cir. 1987) (applying *Barker v. Wingo*). Appellant has not appealed the severity of his sentence, and execution of his suspended jail sentence, probation, and community service were stayed pending appeal.

■ Following the trial court's six-week delay after accepting his guilty plea to allow time for the preparation of a presentence report, over one and one-half years passed before appellant was located. The delay, from November, 1989 to June, 1991, was thus directly attributable to appellant, inasmuch as he had been instructed to keep the court and his attorney apprised of his whereabouts as a term of his release pending sentencing.[11] This delay attributable to appellant, like speedy trial review of pre-trial delay caused by a defendant, is excluded from further analysis.

■ After appellant was located, sentencing was promptly scheduled for June 6, 1991, however, he could still not be sentenced because he had never been to the Probation Office so that a presentence report could be prepared. Nothing in the record suggests that he would not have been sentenced on June 6, 1991, if appellant had obeyed the lower court's instructions at the change of plea by reporting for preparation of the report. Instead, the Territorial Court was compelled to direct appellant, for a second time, to report to the Office of Probation and Parole. Other than a short delay for preparing the presentence report, the remaining delay to May 5, 1993, when sentence was finally imposed, was the result of the court's inadvertent failure to reschedule sentencing.[12] Nothing in the record even hints that the delay was intentional. The first two *Barker v. Wingo* factors, length and reason for the delay, thus do not clearly point toward reversal of the conviction.

■ From the record before us, and appellant's failure to show to the contrary, Warner **never** asserted his right to a speedy sentencing during the almost two-year delay attributable to the court from June, 1991 to May 5, 1993. Even though he was represented by counsel during this entire time, neither appellant nor his attorney brought the sentencing delay to the court's attention. There is no basis to suggest, nor has appellant so suggested, that the sentenc-

---

[11] The jail and the Territorial Court were both located on St. Thomas. A note, a letter, or a phone call to either the lower court or his attorney would have avoided much of the initial one and one-half year delay that the appellant experienced.

[12] The trial judge stated during the sentencing hearing that the matter inadvertently fell through the cracks due to the judge's temporary transfer to the family division. App. for Appellant at 18.

ing court's inadvertence would not have been rectified immediately and his case scheduled for sentencing if he or his attorney only would have requested it. This third *Barker v. Wingo* factor clearly indicates that there was no violation of Warner's Sixth Amendment right to speedy sentencing.

■ The fourth factor is any prejudice that appellant reasonably may have suffered as a result of the delay. Warner states that he was deprived of an opportunity to serve his Territorial Court jail sentence concurrently with a District Court sentence he was serving for a separate felony conviction. As the judge pointed out, appellant could just as well have asked the District Court to run its sentence concurrently with this one. App. for Appellant at 21. A probable reason appellant did not make this request is that he did not want the District Court judge and prosecutor to know about this later drug conviction in the Territorial Court when he was sentenced in the District Court on November 2, 1989. Moreover, there is no basis in the record to assume that the Territorial Court would have imposed a concurrent sentence, especially since Government counsel contended that this second drug conviction could have been brought as a felony rather than a misdemeanor. App. for Appellant at 23, 26. Regardless, appellant's jail sentence in this criminal matter was suspended and he was not detained pending sentencing. Thus, appellant has failed to demonstrate any prejudice resulting from the lower court's inadvertent error.

## CONCLUSION

Appellant has failed to demonstrate that his Sixth Amendment right to speedy sentencing was violated, despite the three and one-half year sentencing delay. Although the length of the delay on its face would seem to give cause for concern, when examined we find that much of the delay resulted from appellant's own actions and failures to apprise the court or his attorney of his whereabouts. Most significantly, Warner never asserted his right to speedy sentencing during the twenty-two month delay that we find attributable to the Court. Finally, and perhaps most compelling, this Court finds that appellant suffered no prejudice resulting from the delay. Accordingly, the Territorial Court's decision is affirmed. An appropriate order will be entered.

## ORDER

AND NOW, this 30th day of August, 1995, after careful review of the record and having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED:

THAT the Territorial Court's Judgment dated June 16, 1993 is AFFIRMED.