# JAMEL R. RIVERA, Appellant
## v.
# GOVERNMENT OF THE VIRGIN ISLANDS, Appellee

D.C. Crim. App. No. 1997-100

District Court of the Virgin Islands

Division of St. Thomas and St. John

February 4, 2000

STEPHEN A. BRUSCH, ESQ., St. Thomas, U.S.V.I., *for Appellant*

MAUREEN PHELAN CORMIER, ESQ., *Assistant Attorney General*, St. Thomas, U.S.V.I., *for Appellee*

FINCH, *Chief Judge*, MOORE, and ROSS, Sitting by Designation

## OPINION OF THE COURT

PER CURIAM.

Appellant Jamel R. Rivera ["Rivera"] appeals his Territorial Court jury conviction of assault in the first degree, V.I. CODE ANN.

tit. 14, § 295(1), on three grounds. First, Rivera argues that his trial attorney provided ineffective assistance of counsel. Second, he asserts that the trial court committed plain error or violated his right to present witnesses and a defense by excluding testimony concerning the lighting conditions at the crime scene as cumulative under Federal Rule of Evidence 403.[1] Lastly, Rivera contends that the trial court failed to instruct the jury on an essential element of the charged offense by failing to define the term "murder" or the phrase "intent to commit murder." The Appellate Division has jurisdiction to consider this appeal from a jury conviction. *See* 4 V.I.C. § 33. Considering each of these contentions in turn, we find no error on the trial record and affirm the judgment of conviction.

Rivera also challenges his sentence on the grounds that it violated Virgin Islands law. Exercising our authority to review sentences imposed after jury convictions, *see id.,* we agree and remand this matter to Territorial Court for resentencing.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

Rivera claims that the performance of his trial attorney, Stylish Willis, Esquire ["Willis"], violated his right to effective assistance of counsel under the Sixth Amendment.[2] The Appellate Division recently noted that, "ordinarily, a claim of ineffective assistance of counsel is not appropriately reviewed for the first time on direct appeal, but must be raised by a collateral proceeding because the necessary facts about counsel's representation of the defendant have not been developed." *Rivera v. Government of the Virgin Islands,* 37 V.I. 68, 79, 981 F. Supp. 893, 900 (D.V.I. App. Div. 1997). After exhaustive review of the four-hundred page appendix submitted by the appellant, we find that this appeal falls into the "ordinary" group of cases. The appellant cannot establish on the basis of the

---

[1] The Federal Rules of Evidence and Federal Rules of Criminal Procedure apply to proceedings in Territorial Court except where the rules of that court provide otherwise. *See* Terr. Ct. R. 7.

[2] The Sixth Amendment to the United States Constitution applies to the Territory of the Virgin Islands through section three of the Revised Organic Act of 1954. *See* 48 U.S.C. § 1561. The complete Revised Organic Act is located at 48 U.S.C. §§ 1541-1645 (1994), reprinted in V.I. Code Ann. 73-177, Historical Documents (1995 & Supp. 1998) (preceding Title *One of Virgin Islands Code*).

trial record alone that the assistance rendered by his attorney was constitutionally defective.

Rivera maintains that attorney Willis violated his right to effective assistance of counsel in five respects:

(1) When Willis left St. Thomas before trial due to a family medical emergency, he had another attorney select the jury. (*See* Appellant's Br. at 14; *see also* App. at 24.)

(2) When the government moved to preclude cross-examination about the victim's prior felony conviction, Willis did not oppose its motion. (*See* Appellant's Br. at 15; App. at 33.)[3]

(3) When the government elicited testimony from the treating physician about the serious injuries sustained by the victim, Willis did not object. (*See* Appellant's Br. at 18; App. at 76.)

(4) When the trial judge prepared to instruct the jury, Willis did not ask the trial judge to define "murder" or the phrase "intent to commit murder." (*See* Appellant's Br. at 19.)[4]

(5) Finally, the government told the jury during closing arguments that "the evidence gives you an opportunity to say no to our guns in the street . . . Jamel is an unemployed 22-year old, based on the evidence, who would stand in your streets and fire on another person. Because he plays by his own rules, ladies and gentlemen. . . . Say no to Jamel's rules. . . . We have other rules. You know what they are. And it doesn't include firing on a man and leaving him to die." (App. at 345.) Willis did not object to this argument. (*See* Appellant's Br. at 20; App. at 346.)

The record before us does not establish that Willis' assistance was so deficient that it deprived Rivera of a fair trial, "a trial whose result is reliable." *See Strickland v. Washington,* 466 U.S. 668, 687, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Rivera submitted only seven pages of the fifty-page jury selection transcript for our review, and

---

[3] Willis did argue that the fact of the victim's prior convictions should be admitted (presumably under FEDERAL RULES OF EVIDENCE 403 and 609), if the victim volunteered that he had never been convicted of any offense. (*See* App. at 44-46.) We thus exclude this contention from consideration.

[4] The Appellate Division cannot determine whether Willis asked for a more specific instruction concerning the defendant's state of mind because the trial transcript submitted by Rivera excludes portions of the jury instruction colloquy between the trial judge and his attorney. (*See* App. at 265-66.) We will assume for present purposes that Willis did not ask the trial judge to define "murder" or the phrase "intent to commit murder" because the record does not indicate otherwise.

this limited record does not show that the attorney who appeared on his behalf failed to safeguard his interests. (*See* App. at 23-29.) We cannot discern from the record, however, whether the remaining instances of inaction by the appellant's counsel were reasonable trial stratagem, or errors of omission. Rivera presented an alibi defense. It is quite possible that his attorney deliberately chose not to object to elements of the government's case or the jury instructions in order to focus the jury's attention on this defense.

■ The record suggests that Willis provided Rivera with unspectacular but competent representation. Willis not only elicited testimony from the victim that cast doubt on his recollection and his ability to see his assailant under poor lighting conditions, (*see id.* at 112, 115, 119-20), but also presented witness testimony in support of Rivera's alibi and peaceful nature, (*see id.* at 170, 221, 239-40), effectively summarized this testimony at closing arguments, (see *id.* at 329-34), and objected to remarks that the government made at closing. (*See id.* at 342, 346-47.) Since Rivera cannot rely on the trial record alone to "overcome the presumption that, under the circumstances, the challenged [conduct] 'might be considered sound trial strategy,'" see *Strickland*, 466 U.S. at 689, we follow our usual course in holding that this Sixth Amendment claim must be resolved in a collateral proceeding. *See Rivera*, 37 V.I. at 79, 981 F. Supp. at 900; *Smalls v. Government of the Virgin Islands*, 35 V.I. 173, 175, 950 F. Supp. 698, 699 (D.V.I. App. Div. 1996).

## II. EXCLUSION OF TESTIMONY OFFERED BY DEFENDANT

Rivera avers that the trial court committed plain error or violated his Constitutional right to present witnesses and a defense[5] by excluding testimony concerning the lighting conditions at the crime scene as cumulative under Federal Rule of Evidence 403. We do not concur.

During its case-in-chief, the government asked the victim about the lighting conditions at the crime scene when the assault

---

[5] "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690, 90 L. Ed. 2d 636, 106 S. Ct. 2142 (1986) (citations and internal quotation marks omitted).

occurred. He testified that, "[i]t had porch light. It had a yard light. It had other street lights. . . . [I]t was night." (App. at 93.) On cross-examination, the victim admitted that he had not seen the assailant's gun because it was dark that evening, see *id.* at 125, and conceded that he had never mentioned any lights in his statement to the police.[6]

Rivera later presented two witnesses who arrived at the crime scene moments after the assault. They both emphasized that there were no lights near the crime scene. (*See id.* at 223-24, 243, 245.) After the second witness spoke, Rivera's attorney announced that he would call another witness to testify "whether or not there was light lit in the area or not." (*See id.* at 253.) After the government objected to this additional witness, the trial judge said, "[w]e don't need cumulative testimony on the lights. We already have two witnesses that have already said there [were] no lights. . . . You don't have to call a hundred witnesses. You have two already." (*See id.* at 254.) Rivera's counsel then decided to call his client as his next witness.[7]

█ Federal Rule of Evidence 403 provides that trial judges may exclude relevant evidence whose probative value "is substantially outweighed . . . by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

---

[6] (*See id.* at 108:)

> Q: So now you're testifying that there were porch lights and street lights there, also; is that correct?
> A: Right.
> Q: So which one is the truth now? . . .
> A: It was dark. But it had other lights on, porch light, yard light. Other Government Street lights on.
> Q: Why did you not tell the police officer . . . that it had lights on when he asked you whether or not there [were] lights?
> A: I just told him it was night. Night is dark. Night had done set. It was dark.
> Q: It was dark. Exactly.
> A: Right.

[7] (*See id.*) The fact that Rivera's counsel acquiesced in the trial judge's statement does not prevent the Court from reaching the appellant's argument. Federal Rule of Criminal Procedure 51 provides that "[e]xceptions to rulings or orders of the court are unnecessary and for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which that party desires the court to take." FED. R. CRIM. P. 51; *see also supra* note 1 (recognizing that Federal Rules apply to Territorial Court proceedings in the absence of inconsistent Territorial Court Rules).

Trial court rulings under Rule 403 must not be reversed on appeal unless the appellant demonstrates that the trial judge clearly abused her discretion. *See Hamling v. United States*, 418 U.S. 87, 127, 41 L. Ed. 2d 590, 94 S. Ct. 2887 (1974); *Government of the Virgin Islands v. Grant*, 1984 U.S. Dist. LEXIS 16265, 21 V.I. 20, 25-26 (D.V.I. 1984). Applying this standard, we do not agree that the trial judge clearly abused her discretion in concluding that more defense testimony concerning the lighting conditions at the crime scene would be needlessly repetitive or cumulative. Rivera already had impeached the victim's initial description of the lighting conditions on cross-examination and presented two witnesses who testified that there were no lights adjacent to the crime scene before he sought to examine the additional witness. This Court finds no error in the trial judge's ruling, Constitutional or otherwise. *See Chambers v. Mississippi*, 410 U.S. 284, 302, 35 L. Ed. 2d 297, 93 S. Ct. 1038 (1973) (observing that, in exercising the right to present witnesses and a defense, the accused "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence").

### III. FAILURE TO DEFINE "MURDER" OR "INTENT TO COMMIT MURDER"

Rivera contends that the trial court failed to instruct the jury on an essential element of assault in the first degree, 14 V.I.C. § 295(1), by failing to define the word "murder" or the phrase "intent to commit murder." The truncated record before us does not show that Willis objected to the instructions delivered by the trial judge, or asked for a more specific instruction concerning the defendant's state of mind. Rivera thus has failed to preserve this issue for appeal. Nevertheless, as "[i]t is the *inescapable* duty of the trial judge to instruct the jurors, fully and correctly, on the applicable law of the case, and to guide, direct, and assist them toward an intelligent understanding of the legal and factual issues involved in their search for truth,"[8] the Appellate Division retains discretion to review Territorial Court jury instructions for clear error. *See* FED.

---

[8] 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2256 at 438 (2d ed. 1995) (emphasis added).

R. CRIM. P. 52(b). Invoking that authority, we hold that the trial court's failure to define "murder" or "intent to commit murder" was not clear error, which "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *See United States v. Olano*, 507 U.S. 725, 735, 123 L. Ed. 2d 508, 113 S. Ct. 1770 (1993) (citation omitted).

The trial judge included all of the essential elements of first degree assault in her charge to the jury:

> In order to find Mr. Jamel Rivera guilty of the first degree assault, the Government must prove the following essential elements beyond a reasonable doubt: Number one, that the defendant acted willfully. Number two, that the defendant attempted or threatened to inflict bodily harm upon another. Number three, that the defendant had the apparent present ability to inflict such an injury. Number four, that the attempt or threat to inflict injury was accompanied by an intentional display of force which gave the person, the other person, reason to fear immediate bodily harm. Number five, that the defendant had the intent to commit murder, and number six, that the act occurred on or about October 4, 1996 and on St. Thomas, Virgin Islands.

(App. at 349.) The trial judge also exhorted the jury to consider the defendant's alleged state of mind:

> The prosecution must prove beyond a reasonable doubt that the defendant acted intentionally when he committed the crime. Ordinarily there is no way that the defendant's intent can be proved directly because it is not possible to read another person's mind and tell what that person is thinking. But defendant's intent can be proved indirectly from the surrounding circumstances. This includes such things as what the defendant said, what the defendant did, how defendant acted, and any other facts and circumstances in evidence that show what was in the defendant's mind.
>
> Additionally, the crime charged by the Government requires proof of specific intent before the defendant can

209

> be convicted. Specific intent [] means more than the general intent to commit the act. To establish specific intent, the government must prove that the defendant specifically intended to commit the act. Such intent may be determined from all the facts and circumstances surrounding the case.

(*Id.* at 350-51.)

As the foregoing excerpts from the trial transcript indicate, the trial judge appraised the jurors of their responsibility to determine whether Rivera specifically intended to murder the victim. Although the Virgin Islands Code does not define the word "intent" or the phrase "intent to commit murder," see 1 V.I.C. § 41, 14 V.I.C. § 295(1), assault with the intent to commit murder is also a federal crime, see 18 U.S.C. § 113(a)(1), and the jury instruction commonly used for that offense explains that the phrase "'with the intent to commit murder' means that the defendant . . . acted for the specific purpose of . . . unlawfully killing." *See* EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS (CRIMINAL) § 23A.11 (1987 & Supp. 1998). The trial judge's instructions effectively communicated this concept to Rivera's jury.

■ The only noticeable difference between the federal pattern instruction and those given to Rivera's jury is that the former replaces the word "murder" with the phrase, "unlawfully killing." The Virgin Islands Code defines "murder" as "the unlawful killing of a human being with malice aforethought." *See* 14 V.I.C. § 921. Yet in common parlance, "murder" means "to kill (a human being) unlawfully and with premeditated malice or willfully, deliberately, and unlawfully."[9] The statutory definition of "murder" does not vary from the word's common usage or understanding. Accordingly, we perceive no error in the trial judge's failure to define the word "murder" or the phrase "intent to commit murder."

## IV. VALIDITY OF THE APPELLANT'S SENTENCE

■ After the jury pronounced Rivera guilty of first degree assault, the trial judge sentenced him to eight years' incarceration

---

[9] WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1488 (Philip Babcock Gove ed., 1993).

followed by two years of probation. It is clear that the trial court could not impose probation on the appellant without suspending all but six months of his prison term or staying the execution of his sentence. *See* 5 V.I.C. § 3711(a). Consequently, the appellant's sentence is not legal, and cannot stand. An Order affirming the judgment of conviction but vacating the appellant's sentence and remanding to the Territorial Court for resentencing will issue.

DATED this 4 day of February, 2000.

## ORDER OF THE COURT

AND NOW, this 4th day of February, 2000, having considered the parties' submissions, and for the reasons set forth in the Court's accompanying Opinion of even date, it is hereby

ORDERED that the Territorial Court's judgment of conviction is AFFIRMED. It is further

ORDERED that the sentence imposed upon the appellant by the Territorial Court is VACATED, and this case REMANDED for resentencing in accordance with Virgin Islands law and this opinion.