**Jamel R. RIVERA, Appellant,**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.**

No. Crim.A.2000–228.

District Court, Virgin Islands,
Appellate Division,
D. St. Thomas and St. John.

Jan. 15, 2002.

Stephen A. Brusch, St. Thomas, VI, for appellant.

Maureen Phelan Cormier, Assistant Attorney General, St. Thomas, VI, for appellee.

BEFORE: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands, THOMAS K. MOORE, Judge of the District Court of the Virgin Islands, and EDGAR D. ROSS, Territorial Court Judge, Division of St. Croix, Sitting by Designation.

## MEMORANDUM OPINION

PER CURIAM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 1997, a jury convicted Jamel R. Rivera ["Rivera" or "appellant"] of assault in the first degree in violation of V.I.CODE ANN. tit. 14, § 295(1). The Territorial Court sentenced Rivera to eight years incarceration with credit for time served to be followed by two years supervised probation. Rivera challenged both his conviction and sentence. On appeal, this Court affirmed his conviction. The Court, however, found that Rivera's sentence was illegal because the trial court could not impose probation on Rivera without suspending all but six months of his prison term or staying the execution of his sentence. *Rivera v. Government of the Virgin Islands,* Crim.App. No.1997–100, 2000 WL 151919, at *5 (D.Virgin Islands Feb. 4, 2000) (attached as Ex. A). The Court vacated Rivera's sentence and remanded for resentencing. *Id.*

Following the remand, on April 7, 2000, the Territorial Court resentenced Rivera to "a term of incarceration for a period of ten (10) years with credit for time served prior to June 19, 1997, from May 22, 1997 to June 19, 1997." (App. at 6–8) (Amended Judgment and Commitment, *Government of the Virgin Islands v. Rivera,* Crim. No. F416/1996 (Terr.Ct. St. Thomas & St. John Div. Apr. 12, 2000).) The trial court also assessed seventy-five dollars in court costs, an amount higher than that imposed at the original sentencing. (*Id.*)

Rivera now appeals the Territorial Court's amended judgment and commitment order, arguing that the court violated his due process rights by sentencing him to a term of incarceration that was greater than his term of incarceration before he appealed his case.

## II. DISCUSSION

■ The Court has jurisdiction to consider this appeal pursuant to 4 V.I.C. § 33. This matter presents a question of law over which the Court exercises plenary review. *Nibbs v. Roberts,* 31 V.I. 196, 204, 1995 WL 78295 (D.Virgin Islands 1995).

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court established a presumption of vindictiveness where a sentencing judge imposes a more severe sentence following a retrial after appeal. The Court's holding has been refined and clarified in numerous opinions since *Pearce*, most notably in *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Although characterized as overruling *Pearce*, the *Alabama v. Smith* opinion in fact found only that no such "presumption of vindictiveness arises when the first sentence was based upon a guilty plea, and the second [more severe] sentence follows a trial." *Alabama*, 490 U.S. at 795, 109 S.Ct. 2201. In essence, where, as here, the resentencing is done by the same judge who heard the evidence at the first trial and imposed the first sentence, and that same judge imposes a more severe sentence following an appeal, the presumption of vindictiveness created by *Pearce* applies. This presumption may be rebutted if the sentencing judge bases the more severe sentence on events that have occurred since the imposition of the first sentence, such as conduct of the defendant, or if the sentencing judge explains that the more severe sentence is "based upon information concerning conduct or events preceding the first sentencing so long as that information was not available to the judge imposing the first sentence." *Rock v. Zimmerman*, 959 F.2d 1237, 1256 (3d Cir. 1992).

The only basis offered by the judge at Rivera's resentencing in April, 2000, is that she intended for Rivera to be under the supervision of the Government of the Virgin Islands for a period of ten years.

(App. at 16–17.) Under *Pearce* and its progeny, this is not a sufficient reason to rebut the presumption of vindictiveness. Accordingly, we will vacate the amended judgment and commitment order of April 12, 2000, and remand for resentencing.

This Court also notes two other problematic aspects of the trial judge's amended judgment and commitment order of April, 2000. First, the order gives Rivera credit for time served only for that time served "prior to June 19, 1997, from May 22, 1997 to June 19, 1997." This seemingly does not give Rivera credit for the time he has spent in prison pending appeal and resentencing. If this is accurate, the order is in violation of the Fifth Amendment's protections against double jeopardy [1] because it results in the imposition of multiple sentences for the same offense. *See Pearce*, 395 U.S. at 719, 89 S.Ct. 2072 ("We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense. . . . [I]f he is reconvicted, those years can and must be returned—by subtracting them from whatever new sentence is imposed.").

The Territorial Court's amended judgment and commitment order also assessed court costs of seventy-five dollars against Rivera. At the sentencing hearing, the judge noted that she was imposing higher costs on resentencing because the court costs had increased since Rivera was first sentenced in 1997. As noted by counsel for the appellant at the hearing, the imposition of the higher costs is a clear violation of the Ex Post Facto Clause. *See*

---

1. The Fifth Amendment is made applicable to the Virgin Islands by § 3 of the Revised Organic Act, 48 U.S.C. § 1561. The complete Revised Organic Act of 1954 is found at 48

U.S.C. §§ 1541–1645 (1994), *reprinted in* V.I.CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73–177 (1995 & Supp.2000) (preceding V.I.CODE ANN. tit. 1).

U.S. CONST. art. I, § 9, cl. 3.[2] Thus, a court cannot subject the defendant to a higher penalty at resentencing simply because the law has changed since the time of the defendant's first sentencing.

## III. CONCLUSION

For the reasons discussed *supra,* the Court finds that the amended judgment and commitment order entered by the Territorial Court in this matter is in violation of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072 (1969), and its progeny. The Court will vacate the amended judgment and commitment order and remand for resentencing in accordance with this opinion and the Court's earlier opinion, *Rivera v. Government of the Virgin Islands,* 2000 WL 151919 (D.Virgin Islands Feb. 4, 2000).

Finally, the Court notes that two other aspects of the Territorial Court's amended judgment and commitment order of April, 2000, present constitutional errors. The Territorial Court must give Rivera credit for time served while his case was on appeal and while he awaited resentencing. Furthermore, the Territorial Court cannot impose costs higher than those required at the time of Rivera's original sentencing. He must be sentenced according to the laws, rules, and regulations in place at the time of his original sentencing. An appropriate order is attached.

### ORDER

For the reasons set forth in the accompanying memorandum opinion of even date, it is hereby

**ORDERED** that the amended judgment and commitment order entered by the Territorial Court on April 12, 2000, is VA-CATED and this matter is **REMANDED** for resentencing in accordance with the attached memorandum opinion and this Court's previous decision in *Rivera v. Government of the Virgin Islands,* 2000 WL 151919 (D.Virgin Islands 2000). It is further

**ORDERED** that the Clerk shall issue the mandate in accordance with the Virgin Islands Rules of Appellate Procedure and then shall **CLOSE** this file.

---

2. The Ex Post Facto Clause also is made applicable to the Virgin Islands by § 3 of the Revised Organic Act, 48 U.S.C. § 1561.