

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2003

# Govt of VI v. Rivera

Precedential or Non-Precedential: Precedential

Docket No. 02-1457

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Govt of VI v. Rivera" (2003). *2003 Decisions*. Paper 412.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/412

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed June 18, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1457

GOVERNMENT OF THE VIRGIN ISLANDS,
Appellant

v.

JAMEL RIVERA

On Appeal from the Appellate Division of the
District Court of the Virgin Islands,
Division of St. Thomas and St. John
D.C. Criminal No. 00-cr-00228
(Honorable Raymond L. Finch and
Honorable Thomas K. Moore, United States District
Judges,
and Honorable Edgar D. Ross, Territorial Court Judge)

Argued November 8, 2002

Before: SCIRICA, *Chief Judge*,* ALITO and RENDELL,
*Circuit Judges*

(Filed June 18, 2003)

---

* Judge Scirica began his term as Chief Judge on May 4, 2003.

MAUREEN PHELAN, ESQUIRE
 (ARGUED)
JOEL H. FELD, ESQUIRE
Office of Attorney General
 of Virgin Islands
Department of Justice
48B-50C Kronprindsens Gade
GERS Building, 2nd Floor
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00802

  Attorneys for Appellant

STEPHEN A. BRUSCH, ESQUIRE
 (ARGUED)
International Plaza, Suite 2G
P.O. Box 988
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00804

  Attorney for Appellee

---

## OPINION OF THE COURT

---

SCIRICA, *Chief Judge.*

The Appellate Division of the District Court of the Virgin Islands remanded this criminal case for resentencing to the Territorial Court of the Virgin Islands. The Government of the Virgin Islands has appealed. At issue is whether we have jurisdiction to hear the government's appeal.

# I

On May 22, 1997, a jury convicted Jamel R. Rivera of assault in the first degree in violation of 14 V.I. Code Ann. § 295(1). The Territorial Court of the Virgin Islands sentenced Rivera to eight years imprisonment with credit for time served, followed by two years supervised probation. Rivera appealed both his conviction and sentence to the Appellate Division of the District Court of the Virgin Islands. The Appellate Division affirmed the conviction, but held the sentence was illegal because "the trial court could

not impose probation on [Rivera] without suspending all but six months of his prison term or staying the execution of his sentence." *Rivera v. Gov't of the V.I.*, 42 V.I. 203, 211 (D.V.I. App. Div. 2000).[1] The Appellate Division vacated Rivera's sentence and remanded to the Territorial Court for resentencing.

On remand, the Territorial Court resentenced Rivera to "a term of incarceration for a period of ten years, with credit for time served prior to June 19, 1997, from May 22, 1997 to June 19, 1997." *Gov't of the V.I. v. Rivera*, No. F416/1996, at 2 (Terr. Ct. Apr. 12, 2000) (amended judgment and commitment order). The Territorial Court also assessed seventy-five dollars in court costs, an amount higher than that imposed by the original sentence.

Rivera again appealed. The Appellate Division held the resentencing was barred by the Double Jeopardy Clause. *See North Carolina v. Pearce*, 395 U.S. 711 (1969). The Appellate Division vacated the amended judgment and commitment order and remanded to the Territorial Court for resentencing. *Rivera v. Gov't of the V.I.*, 183 F. Supp. 2d 770, 773 (D.V.I. App. Div. 2002).[2]

---

1. The Appellate Division relied on 5 V.I. Code Ann. § 3711(a) in holding the "sentence [was] not legal, and cannot stand." *Rivera*, 42 V.I. at 211. Section 3711(a) provides, in part, "[u]pon entering a judgment of conviction . . . not punishable by life imprisonment, . . . a territorial court . . . may suspend the imposition or execution of sentence and place the defendant on probation." 5 V.I. Code Ann. § 3711(a). The statute further provides "if the maximum punishment provided for such offense is more than six months, . . . a territorial court . . . may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation." *Id.*

2. The Appellate Division held the Territorial Court order "seemingly" did not "give Rivera [proper] credit for the time he has spent in prison pending appeal and resentencing." *Rivera*, 183 F. Supp. 2d at 772. The Appellate Division also held "the Territorial Court cannot impose costs"—the seventy-five dollars—"higher than those required at the time of Rivera's original sentencing"—twenty-five dollars. *Id.* at 773. The Appellate Division directed these matters also should be corrected by the Territorial Court.

The Government of the Virgin Islands now seeks review of the Appellate Division's judgment remanding for resentencing.

## II

Before we review the merits of an appeal, we must determine whether we have jurisdiction. To do so here, we must focus on the Virgin Islands court structure and the territorial prosecutor's authority.

### A.  The Virgin Islands Court Structure

The United States Constitution grants Congress the authority to "make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." U.S. Const. art. IV, § 3, cl. 2. Under this constitutional authority, Congress enacted the Revised Organic Act of the Virgin Islands. 48 U.S.C. §§ 1541 *et seq.*[3] The Revised Organic Act is "the Virgin Islands' equivalent of a constitution," *Brow*, 994 F.2d at 1032, and vests the judicial power of the Virgin Islands in local courts established by local law and in the District Court of the Virgin Islands, 48 U.S.C. § 1611. In 1984, Congress made significant amendments to the Revised Organic Act. *See* Act of Oct. 5, 1984, Pub. L. No. 98-454, 98 Stat. 1732. These amendments, along with certain more recent changes in Virgin Islands law, have shaped the current court structure in the Virgin Islands.

The Virgin Islands court structure consists of the Territorial Court of the Virgin Islands, which has original jurisdiction over local civil actions, local criminal actions, and certain other matters, 4 V.I. Code Ann. § 76; 1993 V.I. Sess. Laws 5890,[4] and the District Court of the Virgin

---

3. "Congress enacted the first . . . Organic Act of the Virgin Islands in 1936. Because this Act was not comprehensive, Congress enacted the Revised Organic Act of 1954 . . . , which operated to repeal the 1936 Act." *Brow v. Farrelly*, 994 F.2d 1027, 1032 (3d Cir. 1993) (citations omitted). Since 1954, the Revised Organic Act has been amended on various occasions.

4. "The District Court of the Virgin Islands has . . . original federal question and diversity jurisdiction . . . , and shares this jurisdiction concurrently with the Territorial Court of the Virgin Islands." *Brow*, 994 F.2d at 1034 (citations omitted).

Islands, which has "the jurisdiction of a District Court of the United States," as well as jurisdiction over certain other matters, 48 U.S.C. § 1612.[5] Appeals from the Territorial Court are heard by the Appellate Division of the District Court of the Virgin Islands. The Appellate Division functions as an appellate tribunal for local matters until such time as the Virgin Islands legislature creates a local appellate court. *See* 48 U.S.C. § 1613a; 4 V.I. Code Ann. § 33.[6] The United States Court of Appeals for the Third Circuit has "jurisdiction of appeals from all final decisions" of the District Court when the District Court acts as a trial court and also in its capacity as the Appellate Division. 28 U.S.C. § 1291 ("The court[] of appeals . . . shall have jurisdiction of appeals from all final decisions of . . . the District Court of the Virgin Islands . . . ."); 48 U.S.C. § 1613a(c) ("The United States Court of Appeals for the Third Circuit shall have jurisdiction of appeals from all final decisions of the district court on appeal from the courts established by local law.").

The Virgin Islands court structure, incorporating the Appellate Division of the District Court as an appellate tribunal for local law, reflects Congress's intent to encourage "the development of a local Virgin Islands appellate structure with greater autonomy with respect to issues of Virgin Islands law." *In re Alison*, 837 F.2d 619, 622 (3d Cir. 1988). The Appellate Division "represents a step" toward such an autonomous appellate structure. *Id.* At the same time, the Appellate Division is "not an insular

---

5. The District Court "retains concurrent jurisdiction with the Territorial Court over criminal actions in which the local crimes charged are related to federal crimes." *Callwood v. Enos*, 230 F.3d 627, 631 (3d Cir. 2000) (explaining 48 U.S.C. § 1612(c)).

6. Appeals to the Appellate Division are heard and determined by a panel "consisting of three judges, of whom two shall constitute a quorum." 48 U.S.C. § 1613a(b). The Chief Judge of the District Court is the presiding judge of the Appellate Division and the other judges on a panel are selected "from among the judges who are serving on, or are assigned to, the District Court." *Id.* One judge on the panel "may be a judge of a court established by local law." *Id.* Subject to certain restrictions, local law prescribes the appellate jurisdiction of the Appellate Division. 48 U.S.C. § 1613a(a).

[local] appellate court," but is "essentially a federal creature." *BA Props. Inc. v. Gov't of the V.I.*, 299 F.3d 207, 212 (3d Cir. 2002). Thus, in many contexts, we "treat[ ] appeals from the Appellate Division of the District Court of the Virgin Islands no differently than appeals taken from any other federal district court." *Ortiz v. Dodge*, 126 F.3d 545, 548 (3d Cir. 1997); *see also BA Props.*, 299 F.3d at 212 ("We will . . . exercise plenary review over the Appellate Division's order, much as we would when reviewing a district court . . . ."). It is within this context, where the Government of the Virgin Islands appeals a judgment of the Appellate Division of the District Court in a local criminal action, that we consider our jurisdiction.

## B. Prosecutorial Authority To Appeal

It is axiomatic that a prosecutor has "no right to appeal an adverse criminal judgment unless expressly authorized by statute to do so." *Arizona v. Manypenny*, 451 U.S. 232, 245 (1981); *see also United States v. Wilson*, 420 U.S. 332, 336 (1975) ("This Court early held that the Government could not take an appeal in a criminal case without express statutory authority."); *Gov't of the V.I. v. Christensen*, 673 F.2d 713, 715 (3d Cir. 1982). Thus, a legislature must "speak with a clear voice" in order to authorize a prosecutorial appeal in a criminal action. *Manypenny*, 451 U.S. at 247; *see also id.* at 246 ("[T]he presumption [is] that the prosecution lacks appellate authority absent express legislative authorization to the contrary."). Here, the Government of the Virgin Islands asserts that its authority to appeal is supplied by 48 U.S.C. § 1493(c). The statute provides, "The prosecution in a territory . . . is authorized— unless precluded by local law—to seek review or other suitable relief in the appropriate . . . federal appellate court . . . from . . . an adverse decision, judgment, or order of an appellate court." 48 U.S.C. § 1493(c). While 48 U.S.C. § 1493(c) appears to grant broad authority to the Government of the Virgin Islands to pursue an appeal, it is silent on whether an adverse decision, judgment, or order of the Appellate Division must be final in order for the government to perfect an appeal to this court.[7] At issue is

---

7. The legislative history reflects that 48 U.S.C. § 1493(c) was enacted in response to *Territory of Guam v. Okada*, 694 F.2d 565 (9th Cir. 1982),

whether finality is required for appeals under 48 U.S.C. § 1493(c).

### 1. The Finality Requirement

Generally, federal courts of appeals are limited to reviewing final decisions, judgments, and orders. Under 28 U.S.C. § 1291, courts of appeals "have jurisdiction of appeals from all final decisions of the district courts." More specifically, finality is required by 48 U.S.C. § 1613a(c), which provides jurisdiction for this court over appeals from the Appellate Division. 48 U.S.C. § 1613a(c) ("The United States Court of Appeals for the Third Circuit shall have jurisdiction of appeals from all final decisions of the district court on appeal from the courts established by local law."); *see also Ortiz*, 126 F.3d at 547 ("Under 28 U.S.C. § 1291 and 48 U.S.C. § 1613a(c), our jurisdiction is limited to 'final decisions' from the District Court of the Virgin Islands.").

Under this finality requirement, "a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994). The requirement "descends from the Judiciary Act of 1789 where the First Congress established the principle that only final judgments and decrees of the federal district courts may be reviewed on appeal." *Cunningham v. Hamilton County*, 527 U.S. 198, 203 (1999) (quotations omitted). It serves "several salutary purposes," including "promoting efficient judicial administration" and avoiding "the

---

*amended by* 715 F.2d 1347 (9th Cir. 1983). 130 Cong. Rec. 23,792 (1984). *Okada* "held that the government of a territory[, namely Guam,] may not appeal to a federal court in a criminal case from a ruling—even that of [a district court sitting as] an appellate court—in the favor of the defendant, in the absence of a federal statutory authorization." *Id.* Because there was no federal statutory authorization at the time of the decision, the Guam prosecutor could not appeal an adverse decision of the Appellate Division of the District Court of Guam to the United States Court of Appeals for the Ninth Circuit.

The legislative history of 48 U.S.C. § 1493(c) is silent on whether an Appellate Division's adverse decision must be final in order to be appealable.

harassment and cost of a succession of separate appeals." *Id.* at 203-04 (quotations omitted).

We recognize that there are limited departures from the finality requirement. For example, Congress may "authorize[ ], through . . . statutory provisions, immediate appeals . . . in certain classes of cases." *Johnson v. Jones*, 515 U.S. 304, 310 (1995).[8] But, "interlocutory appeals . . . are the exception, not the rule." *Id.* at 309.

One exception to the finality requirement is found in 18 U.S.C. § 3731. The statute authorizes prosecutorial appeals in criminal actions.[9] Parts of 18 U.S.C. § 3731 specifically

---

8. In addition to statutory departures from the finality requirement, the collateral order doctrine is "a narrow exception to the normal application of the final judgment rule." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989).

9. 18 U.S.C. § 3731 provides:

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, or any part thereof, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

> An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.

> . . . .

> The provisions of this section shall be liberally construed to effectuate its purposes.

provide for appeals of certain non-final orders, including orders granting new trials and suppressing or excluding evidence. Thus, courts have heard appeals of certain interlocutory orders under this statute. *See, e.g.*, *Charleswell*, 24 F.3d at 574 ("[O]ur jurisdiction over the [prosecutor's] appeal is not dependent on 28 U.S.C. § 1291. Instead, we have jurisdiction . . . under 18 U.S.C. § 3731 . . . ."). But, we have held that "18 U.S.C. § 3731 does not authorize an appeal of a sentencing order." *Gov't of the V.I. v. Douglas*, 812 F.2d 822, 829 (3d Cir. 1987). Thus, the Government of the Virgin Islands concedes 18 U.S.C. § 3731 is not applicable here.[10] Instead, the government contends 48 U.S.C. § 1493(c) authorizes its appeal.

But unlike 18 U.S.C. § 3731, the text of 48 U.S.C. § 1493(c) does not expressly provide for appeals of non-final orders.[11] As noted, 48 U.S.C. § 1493(c) is silent on finality. With no contrary authorization, we apply the general finality rule. Moreover, there is a "presumption that the prosecution lacks appellate authority absent express legislative authorization." *Manypenny*, 451 U.S. at 246. Thus, absent Congressional authorization permitting the Government of the Virgin Islands to appeal non-final orders to this court, appeals under 48 U.S.C. § 1493(c) are limited to final decisions, judgments, and orders.

### 2. Accord With Existing Jurisprudence

Requiring finality for appeals under 48 U.S.C. § 1493(c) accords with the role of the Appellate Division within the

---

While the statute specifically refers to prosecutorial appeals "by the United States," we have held that it also "applies to appeals taken by the Government of the Virgin Islands." *Gov't of the V.I. v. Charleswell*, 24 F.3d 571, 574 (3d Cir. 1994). Moreover, 18 U.S.C. § 3731 applies to appeals from the District Court of the Virgin Islands sitting both as a trial court and as an appellate court. *Id.* at 574-75.

10. We note that, aside from reiterating that 18 U.S.C. § 3731 does not authorize appeals of sentencing orders, our discussion of the statute takes no position on what types of non-final orders may be appealed under it.

11. Nor does the legislative history of 48 U.S.C. § 1493(c) indicate non-final orders may be appealed under the statute.

Virgin Islands court structure. As noted, we generally treat appeals from the Appellate Division of the District Court of the Virgin Islands the same as appeals from any other federal district court. *See Ortiz*, 126 F.3d at 548 ("[W]ith regard to the question of finality, we have treated appeals from the Appellate Division of the District Court of the Virgin Islands no differently than appeals taken from any other federal district court."). In order to maintain consistency between appeals from the Appellate Division and other federal district courts, an appeal from the Appellate Division should either meet the finality requirement or satisfy a generally applicable finality exception. Allowing an exception to finality for appeals under 48 U.S.C. § 1493(c) would treat appeals from the Appellate Division differently than appeals from other federal district courts.

Requiring finality also corresponds with another decision of this court. Recently, in *Government of the Virgin Islands v. Marsham*, we addressed a similar situation. 293 F.3d 114 (3d Cir. 2002). In *Marsham*, the defendant had appealed to the Appellate Division his sentence and restitution order imposed by the Territorial Court. The Appellate Division affirmed the sentence, but "remanded the case to the Territorial Court, ordering . . . that the restitution order be vacated." *Id.* at 116. The Government of the Virgin Islands then appealed "the Appellate Division's vacatur of the restitution order" to this court. *Id.* In addressing appellate jurisdiction over the government's appeal, we held the Appellate Division's decision must be final in order to be appealable. *Id.* at 117 ("The issue here is whether the Appellate Division's decision is a final order.").[12]

---

12. Notably, we did not specifically address 48 U.S.C. § 1493(c) in *Marsham*. Moreover, in *Marsham*, we concluded there was a "final [decision] for purposes of our appellate jurisdiction" because the Appellate Division judgment "conclusively and finally determined the issue of [the defendant's] sentence and restitution, and sent the matter back simply for a ministerial entry" to vacate the restitution order. 293 F.3d at 117. But as we discuss *infra* Section II.C, there is no final decision here.

Moreover, the United States Court of Appeals for the Ninth Circuit has read 48 U.S.C. § 1493(c) in conjunction with 48 U.S.C. § 1424-3(c), an analog of 48 U.S.C. § 1613a(c) providing "jurisdiction of appeals from all final decisions of the appellate division of the district court" of Guam. 48 U.S.C. § 1424-3(c). Under 48 U.S.C. § 1493(c), the territorial prosecutor in "Guam has the authority to appeal to [the Ninth Circuit] from an adverse final decision or order of the Guam Appellate Division." *Territory of Guam v. Borja*, 983 F.2d 914, 916 (9th Cir. 1992); *see also Territory of Guam v. Estrebor*, 848 F.2d 1014, 1015 (9th Cir. 1988) ("48 U.S.C. § 1493(c), enacted after *Okada*, authorizes the prosecution in a territory to seek review of an adverse decision of an appellate court, and 48 U.S.C. § 1424-3(c) provides that this court has jurisdiction over appeals from all final decisions of the appellate division of the district court of Guam.").

In sum, there is no statutory authorization that would permit the prosecutor to appeal and to breach the traditional finality requirement. We hold that the Government of the Virgin Islands may only appeal final decisions, judgments, or orders under 48 U.S.C. § 1493(c).[13]

## C. No Final Decision

Our inquiry shifts to whether there is a final decision. A final decision "ends the litigation on the merits and leaves nothing . . . to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). In a criminal case, the sentence is the final judgment. *Douglas*, 812 F.2d at 831; *see also Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). Thus, generally, "[i]n a criminal case . . . appellate review [is prohibited] until conviction and imposition of sentence." *Flanagan v. United States*, 465 U.S. 259, 263 (1984).

The Government of the Virgin Islands has not contended the Appellate Division judgment is final.[14] This is

---

13. As noted, there are limited exceptions to the finality requirement, but none applies here.

14. Instead, the government has argued that finality should not be required under 48 U.S.C. § 1493(c).

understandable. The judgment neither ended the litigation nor left only the execution of judgment. Instead, it vacated the sentence and remanded to the Territorial Court. At this time, Rivera is under no sentence. There is no final judgment to provide us with appellate jurisdiction.

Our caselaw confirms this lack of finality. In *Marsham*, we suggested that generally an order remanding for resentencing is not final. 293 F.3d at 117.[15] But, in *Marsham*, we heard the appeal because "the Appellate Division's order conclusively and finally determined the issue of [the defendant's] sentence and restitution, and sent the matter back simply for a ministerial entry" to vacate the restitution order. *Id.* As noted, the Appellate Division here has vacated the Territorial Court order and remanded for resentencing, leaving Rivera's sentence undetermined. Because the remand requires a new sentencing judgment by the Territorial Court, there is no final decision here.[16]

15. Similarly, we have found a lack of finality in other cases where the Appellate Division remanded for further proceedings in the Territorial Court. In *Ortiz*, the Appellate Division affirmed a Territorial Court decision that a debtor was entitled to a homestead exemption in a creditor's action to collect. 126 F.3d at 545-47. But the Appellate Division remanded for the Territorial Court to determine the exact extent of the exemption, a calculation necessary to decide the remaining issues in the case. We refused to hear the appeal because the Appellate Division decision was not final. *Id.* at 545. In *In re Alison*, we found no finality after the Appellate Division reversed a Territorial Court judgment on standing grounds and remanded for the case to proceed in the Territorial Court. 837 F.2d at 620.

16. As noted, the Appellate Division judgment could still be appealed to this court if it satisfies an exception to the finality requirement. We do not find any exception applicable here.

The collateral order doctrine is "a narrow exception to the normal application of the final judgment rule." *Midland Asphalt*, 489 U.S. at 798. Usually, the collateral order doctrine is invoked by the defendant, but also occasionally by the government. *See Carroll v. United States*, 354 U.S. 394 (1957) (analyzing whether the government's appeal could be heard by applying the same underlying concepts of finality used to determine if any order is final and examining whether the grant of a suppression motion satisfied the collateral order doctrine). To be appealable under the collateral order doctrine, an order "must

## D. Other Considerations

In concluding its supplemental brief, the Government of the Virgin Islands argues that finding no jurisdiction here is problematic because it will never again be able to seek our review of the Appellate Division's ruling. The government contends that, upon resentencing by the Territorial Court, it will not have the authority to appeal the new sentence and challenge alleged defects with the resentencing before this court.[17]

But this is a matter for Congress or the Virgin Islands legislature. That the Government of the Virgin Islands may not be able to appeal from a future judgment in this case is a consequence of a legislative decision restricting government appeals of sentences. *See Gov't of the V.I. v. Hamilton*, 475 F.2d 529, 531 (3d Cir. 1973) (The conclusion that this court was without jurisdiction to hear the Government of the Virgin Islands's appeal of a criminal matter from the District Court serving as an appellate tribunal was "reinforced by the fact that [at the time] under . . . local law . . . the defendant alone ha[d] the right in a criminal case to appeal to the District Court from a judgment of the [local] court.").

---

conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). In the context of a criminal case, the collateral order doctrine is used sparingly because of the need to effectively and efficiently conclude criminal proceedings, without piecemeal interruptions. *See, e.g.*, *Flanagan*, 465 U.S. at 264-66.

Here, it is clear that, at the very least, the second prong is not satisfied. In vacating Rivera's sentence and remanding for resentencing, the Appellate Division judgment does not "resolve an important issue completely separate from the merits of the action." *Coopers & Lybrand*, 437 U.S. at 468. Because of the fundamental importance of a sentence to a criminal prosecution, the vacatur and remand reopens an issue central to the merits of the action.

17. In its supplemental brief, the government states "no matter the outcome at the resentencing hearing, the government cannot appeal it. (18 U.S.C. § 3742(b) cannot be stretched to fit this case, and no other statute would allow the government to appeal)."

14

## III

For the reasons discussed, we lack appellate jurisdiction and will dismiss this appeal.

A True Copy:
　　　　Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*