

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2005

# Govt of VI v. Warner

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3640

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Govt of VI v. Warner" (2005). *2005 Decisions.* Paper 1142.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1142

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No. 04-3640

GOVERNMENT OF THE VIRGIN ISLANDS

Appellant,

v.

JEFFREY WARNER,

_____

On appeal from the District Court of the Virgin Islands,
Appellate Division
District Court Crim. App. 2002-23; 2003-24; 2003-25; 2003-26
District Judge: The Honorable Raymond L. Finch, Chief Judge
District Judge: The Honorable Thomas K. Moore;
Territorial Judge: The Honorable Edgar D. Ross

_____

Submitted Pursuant to LAR 34.1(a)
April 20, 2005

_____

Before: NYGAARD, RENDELL, and SMITH *Circuit Judges*

(Filed: May 24, 2005)

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*.

In this appeal, the Government of the Virgin Islands asks this Court to overrule a

recent precedential decision holding that we lack jurisdiction over a judgment of the Appellate Division of the District Court of the Virgin Islands vacating and remanding a Territorial Court criminal sentence. Additionally, the Government of the Virgin Islands requests that we hold that the Appellate Division of the District Court of the Virgin Islands lacked subject matter jurisdiction over this case. We will decline both invitations.

## I.

After pleading guilty to three counts of aggravated rape and one count of second degree murder, Appellee Jeffrey Warner was sentenced by the Territorial Court of the Virgin Islands to four consecutive life sentences. Warner timely appealed to the Appellate Division of the District Court of the Virgin Islands.

The Appellate Division exercised jurisdiction under a provision of the Revised Organic Act, 48 U.S.C. § 1613(a) (2004), which confers jurisdiction where a litigant challenges a judgment or order under the Constitution, treaties, or laws of the United States. While Warner's attack on his life sentence for second degree murder did "not specifically refer to any provision of the Constitution or federal law," the Appellate Division determined that his claim "clearly raise[d] concerns surrounding constitutional due process." This "colorable constitutional claim" was sufficient to trigger jurisdiction, the Appellate Division concluded.

On the merits, the Appellate Division held that the Territorial Court wrongly sentenced Warner to life for second degree murder because 14 V.I.C. § 923(b), on which

2

the Court based its sentence, did not expressly provide for a life sentence.[1]  The Appellate

Division principally relied on *Ruiz v. United States*, which held that the mandate of § 923

"is to impose life imprisonment for first degree murder and imprisonment for a fixed

definite term of years, and that only, for murder in the second degree."  365 F.2d 500, 501

(3d Cir. 1966).  Subsequent amendments to § 923(a) enhancing the penalty for first

degree murder to life imprisonment without the possibility of parole did not vitiate the

holding in *Ruiz*, the Appellate Division explained.  As a remedy, the Appellate Division

vacated Warner's life sentence for second degree murder and remanded his case to the

Territorial Court for resentencing.

The Government of the Virgin Islands seeks to appeal the Appellate Division's

exercise of subject matter jurisdiction over Warner's case and the merits of the Appellate

Division's ruling that Warner was improperly sentenced.  To reach the latter question, the

Government of the Virgin Islands concedes that this Court must overrule its decision in

*Government of the Virgin Islands v. Rivera*, 333 F.3d 143, 144 (3d Cir. 2003), *cert.

denied*, 540 U.S. 1161 (2004), which held that the Third Circuit has no jurisdiction over

---

[1]In full, the statute provides:

> Whoever commits murder in the second degree shall be imprisoned
> for not less than five (5) years, provided, that if such second degree
> murder was perpetrated upon a law enforcement officer while such
> officer was engaged in the performance of his official duties, the
> perpetrator shall be imprisoned for not less than ten (10) years.

14 V.I.C. § 923(b) (2004).

the Appellate Division's remand of a criminal case for resentencing. Assuming that this Court refuses to overrule *Rivera* (and therefore lacks jurisdiction over the merits of the Appellate Division's decision), the Government of the Virgin Islands asks us to apply the collateral order doctrine to reach the question whether the Appellate Division properly assumed subject matter jurisdiction over Warner's appeal.

## II.

### A.

We face today the same question we answered in *Rivera*: Does this Court have jurisdiction over the Appellate Division's remand of a criminal case for resentencing? We explained in *Rivera* that "federal courts of appeals are limited to reviewing final decisions, judgments, and orders." 333 F.3d at 147. That principle holds true for appeals from the Appellate Division under 48 U.S.C. § 1613a(c), which establishes jurisdiction in this Court for appeals from "final decisions" of the District Court of the Virgin Islands. *Id*. In *Rivera*, as here, the Government of the Virgin Islands argued that jurisdiction for appeals from remands by the Appellate Division for resentencing is supplied by 48 U.S.C. § 1493(c), which provides that

> [t]he prosecution in a territory or Commonwealth is authorized
> – unless precluded by local law – to seek review or other suitable
> relief in the appropriate local or Federal appellate court, or,
> where applicable, in the Supreme Court of the United States,
> from–an adverse decision, judgment or order of an appellate
> court.

*Id.* at 147. Although, as we cautioned in *Rivera*, this provision "appears to grant broad authority to the Government of the Virgin Islands to pursue an appeal," it is silent on whether an adverse decision, judgment, or order must be final to perfect an appeal to the Third Circuit. *Id.* Ultimately, we held that § 1493(c)'s silence on whether finality is required fails to overcome the general rule that federal courts of appeals may consider only final decisions, judgments, and orders. *Id.* at 148. We therefore concluded that we lacked jurisdiction to review the Appellate Division's remand of a criminal case for resentencing.

We do not lightly overturn precedential decisions. As the Government acknowledges, "[i]t is the tradition of this Court that the holding of a panel in a precedential opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a precedential opinion of a previous panel. Court en banc consideration is required to do so." Third Circuit IOP 9.1. Further, an en banc hearing "is not favored and ordinarily will not be ordered unless (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance." Fed. R. App. P. 35(a). As our IOP 9.2 explains, this Court will grant initial en banc rehearing only when a majority of active, qualified judges determines that a prior decision should be reconsidered, and "the case is of such immediate importance that exigent circumstances require initial consideration by the full court."

5

Rather than petition the full Court for an initial hearing en banc, the Government of the Virgin Islands apparently seeks to recruit the members of this panel to lobby the full Court for en banc rehearing. "By its argument," the Government's brief explains, "the Government intends to preserve the issue [of overturning *Rivera*] and hopes to win three votes in favor of in banc [sic] rehearing." Even if this inventive approach to securing an initial en banc hearing was permissible – and we are by no means convinced that it is – we would not "vote" or otherwise recommend that the full Court revisit *Rivera* because the Government of the Virgin Islands wholly fails to show that this appeal presents a question of exceptional importance. *See* Fed. R. App. P. 35(a).

The Government of the Virgin Islands seems to be of two minds. In one breath, the Government argues that much is at stake if *Rivera* stands. In addition to the danger of causing judicial waste, the Government contends that *Rivera* threatens to force "prosecutors [to] lose the right to appeal at all after remand or retrial, thus leaving bad law on the books as binding precedent that can never be appealed and corrected." Yet, a few lines later, the Government concedes that *Rivera* "was the first appeal to this Court in which the Territorial Government had no authority to appeal other than § 1493(c)." In other words, the Government explains, "very few" adverse rulings are not appealable under another statute. This is not the strongest combination of arguments we have heard for convening this Court en banc to consider overturning our precedent. Similarly, the Government argues that "*Rivera*'s insertion of a finality requirement into § 1493(c) guts

6

the statute and renders it useless," yet concedes a few lines earlier that "in the 20 years that the statute has been on the books, the Third Circuit has never once relied upon § 1493(c) for jurisdiction."

The Government cannot have it both ways. Either *Rivera* threatens dire consequences or it does not. The Government's acknowledgment that "very few" rulings would be affected by reversing *Rivera* and that § 1493 was "never" used by this Court in the nearly 20 years before *Rivera* convince us that the latter is likely the case. No matter of exceptional importance is presented here.

**B.**

If the Government of the Virgin Islands cannot convince us to reconsider *Rivera*, it asks that we hold that the Appellate Division lacked subject matter jurisdiction over this case. According to the Government, Warner's guilty plea negated any opportunity to appeal to the Appellate Division under local law. Under 4 V.I.C. § 33, "[t]he district court has appellate jurisdiction to review the judgments and orders of the territorial court in all civil cases . . . and in all criminal cases in which the defendant has been convicted, other than on a plea of guilty." The Government concedes that this limitation may not "preclude the review of any judgment or order which involves the Constitution, treaties, or laws of the United States," 48 U.S.C. § 1613a(a), but argues that Warner presented no colorable constitutional claim to the Appellate Division.

The threshold question for this Court is whether, having determined that we lack

7

jurisdiction over the merits question presented in Warner's appeal, we nonetheless may rule on whether the Appellate Division possessed subject matter jurisdiction over Warner's case. We hold that we may under the collateral order doctrine. As we recently explained, "an appeal of a nonfinal order will lie if (1) the order from which the appellant appeals conclusively determines the disputed question; (2) the order resolves an important issue that is completely separate from the merits of the dispute; and (3) the order is effectively unreviewable on appeal from a final judgment." *Government of the Virgin Islands v. Hodge*, 359 F.3d 312, 319 (3d Cir. 2004) (quoting *In re Ford Motor Co.*, 110 F.3d 954, 958 (3d Cir. 1997)).

In *Hodge*, we reviewed the Appellate Division's determination of its own jurisdiction even though we lacked jurisdiction to consider the merits of the Appellate Division's order concerning an interlocutory appeal. *Id*. at 320. Applying the prongs of the collateral order test, we concluded, first, that the Appellate Division's order conclusively determined its jurisdiction over the type of interlocutory appeal presented in that case; second, that the question of the Appellate Division's jurisdiction was separate from the merits of the case and important enough to consider because, third, the order otherwise was "procedurally" unreviewable. "[O]nly in the most convoluted and improbable of hypotheticals," we reasoned, "will the jurisdictional issue presented here ever make its way to this Court on appeal from a final decision." *Id*. at 321.[2]

---

[2]We also noted that the issue was important enough to consider under the collateral order doctrine because issues involving the scope of federal jurisdiction are institutionally significant.

The factors present in *Hodge* militate in favor of our review of the Appellate Division's exercise of jurisdiction over the present case. There is no doubt that the Appellate Division's order conclusively determined its jurisdiction over an appeal from a Territorial Court's sentence, raising an allegedly colorable constitutional issue, where the defendant pled guilty. Similarly, whether the Appellate Division has jurisdiction over Warner's appeal plainly is a separate question from the merits of his putative constitutional attack on his sentence. Finally, the Appellate Division's jurisdiction over Warner's appeal is "procedurally" unreviewable. That is because, after resentencing in the Territorial Court, it is improbable that Warner will present a merely "colorable" due process argument (assuming he has such an argument) to the Appellate Division on his second effort to appeal his sentence (assuming he makes such an effort). As in *Hodge*, "[w]e think it imprudent to let pass a ruling of such moment without examining, if we can, whether the court making the ruling even had jurisdiction." *Id*. at 321 n.7.

We conclude that the Appellate Division properly exercised jurisdiction over this case.[3] The Government is correct that the Appellate Division of the District Court of the Virgin Islands hears appeals from the Territorial Court under limits established by local law. *Hodge*, 359 F.3d at 315-16. It is also true, however, that local law "may not preclude the review [in the Appellate Division] of any judgment or order which involves

---

*Hodge*, 359 F.3d at 321, 322.

[3] We exercise plenary review over questions of the Appellate Division's jurisdiction. *Government of the Virgin Islands v. Warner*, 48 F.3d 688, 691 (3d Cir. 1995).

9

the Constitution, treaties, or laws of the United States." 48 U.S.C. § 1613a(a); *Warner*, 48 F.3d at 691. Here, the Appellate Division correctly concluded that Warner's claim "raises concerns surrounding constitutional due process."

Though not couched in constitutional terms, Warner's attack on his life sentence as statutorily excessive is a colorable due process argument. *See Warner*, 48 F.3d at 692 (holding that appellant implicitly alleged a violation of due process in the court's reneging on an alleged sentencing agreement). In *Williams v. Oklahoma*, the Supreme Court held in relevant part that a death sentence imposed for kidnaping was not disproportionate to the crime, and thus was not a violation of due process. 358 U.S. 576, 586 (1959). "[T]he Due Process Clause of the Fourteenth Amendment does not, nor does anything in the Constitution, require a State to fix or impose any particular penalty for any crime it may define," the Court explained. *Id*. "[W]e cannot say," the *Williams* Court concluded, "that the sentence to death for the kidnaping, which was within the range of punishments authorized for the crime by the law of the state, denied to petitioner due process of law or any other constitutional right." *Id*. at 586-87. Under *Williams*, Warner's argument that 14 V.I.C. § 923 does not contemplate a life sentence for second degree murder amounts to a colorable due process claim. *Cf. Gov't of the Virgin Islands v. Quetel*, 45 Fed. Appx. 174, 177 (3d Cir. 2002) (holding that Appellate Division lacked jurisdiction over motion to reduce sentence because sentence was "clearly within the statutory guidelines applicable to her crimes" and thus raised no due process issue under *Williams*).

10

**III.**

For the foregoing reasons, we will affirm the Appellate Division's holding regarding its own jurisdiction. We will dismiss the appeal with respect to the merits of Warner's attack on his sentence, however, because we lack jurisdiction over that question.