**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4146
_____

UNITED STATES OF AMERICA

v.

RAPHAEL MUSTO,
                                        Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 3-10-cr-00338-001)
District Judge: A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2013
_____

Before: CHAGARES, VANASKIE, and SHWARTZ, Circuit Judges

(Filed: September 30, 2013)
_____

OPINION
_____

SHWARTZ, Circuit Judge

Raphael Musto, who suffers from several ailments including liver cirrhosis,

appeals from the District Court's order denying his motion for an indefinite continuance

of his criminal trial.  We will dismiss the appeal for lack of appellate jurisdiction.

I.

As we write principally for the benefit of the parties, we recite only the essential facts and procedural history. On November 23, 2010, a grand jury returned a six-count indictment charging Musto with numerous public corruption offenses. On June 23, 2011, September 14, 2011, November 28, 2011, May 31, 2012, and August 31, 2012, the District Court granted a series of unopposed motions for continuance of the trial in light of Musto's physical condition.

A number of expert reports were prepared concerning Musto's health. On November 10, 2011, Musto's expert, Dr. Cataldo Doria, issued a report opining that due to Musto's cirrhosis and other health conditions, he could face serious consequences if forced to participate in a trial. On April 12, 2012, Dr. Doria issued an updated report indicating that Musto had undergone a successful repair of an aortic aneurysm but that any complications in his fragile health condition could be fatal. On April 23, 2012, the United States asked the District Court to appoint its own expert and hold a hearing to determine a course of action in the case. On June 15, 2012, a court-appointed expert, Dr. K. Rajender Reddy, issued a report opining that Musto had no functional disability that would preclude him from attending trial.[1] In light of these conflicting reports, the United States obtained its own expert, Dr. Ian Schreibman, who issued a report on August 29, 2012 opining that: (1) Musto would be able to withstand the rigors of trial on a "good day"; (2) Musto would not be able to withstand the rigors of trial on a "bad day"; (3)

---

[1] Dr. Reddy did not personally examine Musto before issuing his report.

2

there was no way to predict when or how often Musto would have bad days; (4) in general, Musto would not be able to withstand trial; and (5) in light of Musto's general health condition, these conclusions would remain the same even absent Musto's liver disease. On October 17, 2012, Dr. Doria issued an additional report containing an update on Musto's ailments, which included coronary artery disease, a bout of pneumonia, and sepsis.

On October 22, 2012, Musto filed a motion to dismiss in light of his physical condition, or in the alternative, that trial be continued indefinitely. The District Court denied the motion and Musto filed an appeal only as to the order denying his request for an indefinite continuance. The District Court stayed the trial pending resolution of this appeal.

II.

The District Court had jurisdiction over this criminal case pursuant to 18 U.S.C. § 3231. Our jurisdiction is contested, and we "necessarily exercise de novo review over an argument alleging a lack of appellate jurisdiction." Montanez v. Thompson, 603 F.3d 243, 248 (3d Cir. 2010).

Under 28 U.S.C. § 1291, we "have jurisdiction of appeals from all final decisions of the district courts of the United States." Despite this "final decision" requirement, the collateral order doctrine permits us to consider appeals from "a small class of rulings, not concluding the litigation, but conclusively resolving claims of right separable from, and collateral to, rights asserted in the action." Will v. Hallock, 546 U.S. 345, 349 (2006)

(internal quotation marks omitted). For the doctrine to apply, the District Court's order must: "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Id. (internal quotation marks omitted). The Supreme Court has repeatedly emphasized the doctrine's "modest scope." Id. at 350; see also Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 868 (1994); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47 (1949). In criminal cases, the doctrine is applied "with the utmost strictness," Midland Asphalt Corp. v. United States, 489 U.S. 794, 799 (1989) (citation omitted), due to "the need to effectively and efficiently conclude criminal proceedings, without piecemeal interruptions." Gov't of Virgin Islands v. Rivera, 333 F.3d 143, 150 n.16 (3d Cir. 2003).

Musto's motion for an indefinite continuance was grounded in two constitutional claims. First, he argued that he is physically impaired from assisting counsel in his defense such that trial would violate the Sixth Amendment. Second, he argued that compelling him to endure the stress of a criminal trial would present life-threatening complications constituting cruel and unusual punishment in violation of the Eighth Amendment.

As to the Sixth Amendment claim concerning ability to assist counsel, the collateral order doctrine does not apply because the District Court's order does not conclusively determine the disputed question and the order may effectively be reviewed on appeal from a final judgment. Musto's health has changed over time. While he

4

predicts an inability to assist counsel in his defense, he does not cite any particular difficulty he has already encountered in participating in his own defense. Because the District Court is free, and evidently willing,[2] to reassess Musto's medical needs as trial approaches and progresses, the denial of a continuance on Sixth Amendment grounds cannot be characterized as conclusive. Moreover, a Sixth Amendment assistance of counsel claim is effectively reviewable post-judgment. If Musto were convicted at trial, he would be free to seek post-conviction relief based upon a claim that the trial did not comport with Sixth Amendment procedural protections. See Flanagan v. United States, 465 U.S. 259, 266-67 (1984) (disqualification of counsel in criminal case is not subject to collateral order review because it "is in no danger of becoming moot upon conviction and sentence" and concerns a "right not to be convicted in certain circumstances"). Thus, we do not have jurisdiction under the collateral order doctrine to review Musto's Sixth Amendment claim.

Though Musto raised an Eighth Amendment claim before the District Court, he has withdrawn that claim on appeal, see Appellant's Brief 51, presumably upon the realization that the Eighth Amendment applies only after there has been "a formal adjudication of guilt in accordance with due process of law." Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581 (2003) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). Nonetheless, in seeking to satisfy the requirements of the

---

[2] The District Court concluded merely that Musto "is physically competent to stand trial at the present time." App. 6.

5

collateral order doctrine, Musto continues to rely on the potentially irreparable physical harm that the stress of trial may cause him, independent of his ability to assist counsel in his defense. As to this distinct harm, untethered to any specific legal basis for relief, we cannot say that Musto's argument was squarely raised before the District Court, let alone "conclusively determined." United States v. Mitchell, 652 F.3d 387, 394 (3d Cir. 2011) (en banc). As discussed herein, Musto's motion before the District Court relied on two constitutional bases: Sixth Amendment assistance of counsel and Eighth Amendment cruel and unusual punishment. The District Court ruled on those two arguments, holding that none of the authorities Musto cited supported his position that proceeding with trial "violates [t]he Sixth Amendment and/or the Eighth Amendment." App. 4.

In short, the District Court's order did not conclusively resolve the Sixth Amendment claim, which is also effectively reviewable post-judgment. The Eighth Amendment claim has been abandoned and the District Court was not asked to consider, and hence did not determine, any other legal grounds for the requested continuance. Thus, the collateral order doctrine does not provide a basis to review this pre-judgment order.[3]

---

[3] Because Musto raised his argument concerning the risk of physical harm from the stress of trial via the prism of the Eighth Amendment, which is plainly inapplicable before conviction, the District Court apparently concluded it was unnecessary to hold a hearing to determine whether subjecting Musto to this risk would violate his constitutional rights. Had Musto presented a valid constitutional basis for this claim, the District Court may have elected to hold a hearing to probe the experts, as both parties had requested. If "there is reasonable ground to believe that physical disability may . . . endanger the life of a defendant" and thereby raise concerns about due process, it may be

III.

For the foregoing reasons, we will dismiss the appeal for lack of jurisdiction.

---

prudent "for the trial court to hold an evidentiary hearing as close to trial as practical" so as to "allow cross-examination of the examining doctors and preserve a full record." United States v. Knohl, 379 F.2d 427, 437 (2d Cir. 1967).