**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1903
_____

PEOPLE OF THE VIRGIN ISLANDS

v.

GARY SIMMONDS,
                    Appellant
_____

Appeal from the District Court
of the Virgin Islands Appellate Division
District Court No. 1-08-cr-00029-001
District Judges: The Honorable Curtis V. Gomez
The Honorable Wilma A. Lewis
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 7, 2020

Before: SMITH, *Chief Judge*, CHAGARES and MATEY, *Circuit Judges*

(Filed:  December 11, 2020)
_____

OPINION*
_____

SMITH, *Chief Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

1

Gary Simmonds appeals the order of the Appellate Division of the District Court of the Virgin Islands remanding his case to the Superior Court of the Virgin Islands with instruction to impose a conviction and sentence for simple assault and battery. Because we lack jurisdiction over the Appellate Division's non-final order, we will dismiss the appeal in part. To the extent we have jurisdiction to review the discrete issue of the Appellate Division's exercise of subject matter jurisdiction, we will affirm.

I.

In May 2005, Tracia Walter-Simmonds reported to police that Simmonds, her husband, had hit her. Virgin Islands prosecutors charged Simmonds with aggravated assault and battery under V.I. Code Ann. tit. 14 § 298(5), which provides, *inter alia*, that an assault and battery[1] qualifies as "aggravated" if the defendant is male and the victim is female. After a bench trial, the Superior Court convicted Simmonds, imposed a six-month suspended sentence and one year of supervised probation, and ordered him to complete one hundred hours of community service and enroll in an anger management course.

At that time, decisions of the Superior Court were appealed to the Appellate Division of the District Court. *See* 48 U.S.C. § 1613a(a), (b). On appeal,

---

[1] Under Virgin Islands law, "[w]hoever uses any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, commits an assault and battery." V.I. Code Ann. tit. 14 § 292.

2

Simmonds argued, among other things, that his conviction was unconstitutional because the aggravating factor discriminated against him on the basis of gender in violation of the Fourteenth Amendment to the United States Constitution. In April 2020, the Appellate Division concluded that the aggravated offense was unconstitutional. It vacated Simmonds's conviction and sentence and remanded his case to the Superior Court with instructions to enter a new conviction and sentence for the lesser included offense of simple assault and battery.

After the Appellate Division denied his request for rehearing, Simmonds filed this appeal. He challenges only the portion of the judgment directing a remand, contending that the Appellate Division lacked authority to direct that he be convicted of the lesser included offense.

## II.

We cannot reach the merits of Simmonds's appeal unless we have jurisdiction to do so. Under 48 U.S.C. § 1613a(c), we "have jurisdiction of appeals from all final decisions of the district court on appeal from the courts established by local law." The decision before us does not qualify as an appealable final decision.

"[W]ith regard to the question of finality, we have treated appeals from the Appellate Division of the District Court of the Virgin Islands no differently than appeals taken from any other federal district court." *Ortiz v. Dodge*, 126 F.3d 545,

3

548 (3d Cir. 1997). We therefore consider whether the order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* at 547 (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Where, as here, the Appellate Division vacates a criminal sentence and remands the matter for further proceedings, the matter is ongoing and there is no "final decision" for our jurisdictional purposes.[2] *Gov't of the V.I. v. Rivera*, 333 F.3d 143, 150 (3d Cir. 2003). Accordingly, we lack appellate jurisdiction to review this non-final order.

## III.

Simmonds contends that "a criminal court lacks jurisdiction to enter a conviction of a lesser included offense violating an unconstitutional statute." Simmonds Br. 16. To the extent Simmonds is suggesting that the Appellate Division was acting without subject matter jurisdiction, we have jurisdiction to consider this limited question. *See Gov't of the V.I. v. Hodge*, 359 F.3d 312, 320 (3d Cir. 2004) (observing that we retain jurisdiction to review the limited question

---

[2] Neither party suggests, nor do we discern, any basis for invoking appellate jurisdiction pursuant to the collateral order doctrine. *See Gov't of the V.I. v. Rivera*, 333 F.3d 143, 150 n.16 (3d Cir. 2003). Moreover, although intervening legislative changes impacting the structure of the Virgin Islands court system mean that the parties will not return to our Court for review of Simmonds's future sentence, *see Defoe v. Phillip*, 702 F.3d 735, 737–39, 737 n.1 (3d Cir. 2012); 48 U.S.C. § 1613a(d), this procedural posture does not impact our conclusion that finality is absent. *Cf. Rivera*, 333 F.3d at 151 (the government's inability, by statute, to pursue a future appeal after imposition of a new sentence is a matter for the legislature and does not impact the conclusion that a final, appealable decision is absent).

4

of the Appellate Division's determination of its own subject matter jurisdiction).

We exercise plenary review over this issue. *Id.* at 323.

Simmonds contends that, upon concluding that the aggravator was unconstitutional, the Appellate Division lost subject matter jurisdiction to take any action other than dismissing his case. Contrary to his claim, a "court of appellate jurisdiction . . . may remand [a case] and direct the entry of such appropriate judgment, decree, or order . . . as may be just under the circumstance." 28 U.S.C. § 2106. The Appellate Division has "appellate jurisdiction over the courts of the Virgin Islands." 48 U.S.C. § 1613a(a). The Appellate Division therefore was within its authority—and had subject matter jurisdiction—to remand the case with direction to impose a conviction and sentence on a lesser included offense. Indeed, in past cases where a conviction of aggravated assault and battery is vacated on grounds that the aggravating factor is unconstitutional, the Appellate Division has directed a remand for application of the lesser included offense of assault and battery.[3] *See Humienny v. Gov't of the V.I.*, 79 F. Supp. 3d 548, 551 (D.V.I. 2015); *see also* V.I. R. Crim. P. 31(c)(1).

Simmonds relies upon *Moravian School Advisory Board v. Rawlins*, 70 F.3d 270, 287–88 (3d Cir. 1995), a civil case in which we held that, where the District

---

[3] As previously noted, we lack jurisdiction to opine on the correctness of the remand decision. We limit our analysis solely to the Appellate Division's conclusion that it retained subject matter jurisdiction to remand.

Court lacked subject matter jurisdiction, it was required to dismiss the matter rather than transfer it to the territorial courts.  But, as we have already concluded, the Appellate Division did not lack subject matter jurisdiction in Simmonds's case. *Moravian* is inapposite.

## III.

For the foregoing reasons, we will dismiss the appeal for lack of appellate jurisdiction, except for the limited issue of reviewing the Appellate Division's exercise of subject matter jurisdiction.  To that extent only, we will affirm.